El Pueblo, Demandante y Apelado, v. Gillies & Woodward, Acusados y Apelantes.

Apelación·procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso por·infracción del artículo 553 del Código Penal enmendado por la Ley No. 131 de agosto 9, 1913.

No. 652.—Resuelto en mayo 23, 1914.

Absolución Anterior por el Mismo Delito (Former Jeopardy)—Falta de Constancia en la Transcripción de Autos para Sostenerla—Presunción.—Cuando el acusado alega ante el tribunal sentenciador la defensa de haber sido anteriormente expuesto y absuelto por el mismo delito y no incluye en la transcripción de autos para la apelación copia de la denuncia, ni de la sentencia absolutoria en que se funda, este tribunal ha de presumir, por falta de prueba en contrario, que la corte inferior no cometió error al desestimar dicha defensa.

Barberías—Establecimientos Comerciales e Industriales.—Aun cuando una barbería no es un establecimiento comercial, puede ser considerada como un establecimiento industrial en el sentido más lato que con frecuencia se da a la palabra industria.

Id.—Establecimientos Industriales—Artículo 553 del Código Penal Enmendado por Ley No. 131 de 1913.—Los preceptos del artículo 553 del Código Penal enmendado por la Ley No. 131 de agosto 9, 1913, demuestran que no fué la intención de la legislatura dar a la palabra industria la sola acepción que tiene en la ciencia económica, sino cualquier otra más lata en armonía con los fines de dicha ley, y que su propósito fué incluir en los preceptos de ella los lugares dedicados a fines lucrativos que no exceptuara expresamente, estando por tanto comprendidas las barberías en la ley penal, si no como establecimientos comerciales, como establecimientos industriales en sentido lato o como lugares dedicados al trabajo para fines lucrativos o de interés.

Id.—Interpretación de Leyes—Significación de la Palabra Industria Empleada en Dos Leyes Distintas.—De las disposiciones de la Ley No. 134 de agosto 12, 1913, aprobada por la misma Asamblea Legislativa que aprobó la Ley No. 131 de agosto 9, 1913,·enmendando el artículo 553 del Código Penal, se desprende que la legislatura no tuvo la intención de dar a la palabra industria distinta significación en dichas leyes, y que así como las barberías quedaron comprendidas dentro de los preceptos de la primera, también debe deducirse que quedaron comprendidas dentro de la segunda.

Los hechos están expresados en la opinión.

Abogado del Pueblo: Sr. Charles E. Foote, Fiscal.

Abogado de los apelantes: Sr. Damián Monserrat, Jr.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan, Sección 2ª., se presentó por su Fiscal con fecha 14 de octubre de 1913 una acusación que en lo pertinente dice así:

"El Fiscal formula acusación contra Gilles & Woodward por infracción a la sección 553 del Código Penal enmendado en 1913, *misdemeanor,* cometido como sigue: Los citados acusados Gillies and Woodward en la tarde del día 11 de septiembre de 1913, en la ciudad de San Juan que forma parte del distrito judicial del mismo nombre, ilegal y voluntariamente, tenían abierto un establecimiento de barbería, radicado en la ciudad de San Juan, después de las siete de la tarde, dedicándose a los trabajos de dicha barbería. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

Celebrado el juicio se dictó sentencia en 20 de octubre citado, condenado a los acusados Gillies & Woodward a pagar una multa de un dollar y en su defecto a sufrir un día de cárcel y las costas.

Esta sentencia ha sido apelada por los acusados y tal es el recurso sometido a nuestra consideración y decisión.

Alega la representación de la parte apelante como motivos legales para sostener el recurso, que la corte inferior erró: *Primero.* Al declarar sin lugar la alegación hecha por los acusados en el acto del juicio relativa a que habían estado una vez expuestos por el mismo delito. *Segundo.* Al declarar también sin lugar la excepción alegada en la corte inferior de que la acusación contiene materia que de ser cierta constituiría una justificación o excusa legal del delito denunciado, o excepción legal excluyente de la acción. *Tercero.* Al desestimar la excepción perentoria también alegada por los acusados de no constituir delito público los hechos denunciados. *Cuarto.* Al dictar un fallo contrario a la ley.

En cuanto al primer motivo del recurso aparece del récord que ciertamente los acusados Gillies & Woodward alegaron ante la corte inferior que anteriormente habían estado expues-

tos por el mismo delito y sido absueltos por sentencia o reso-
lución de la Corte Municipal de San Juan, dictada en 15
de septiembre de 1913, habiendo sido declaradas sin lugar
tales excepciones después de argumentadas por ambas partes.
En la transcripción de autos no ha venido ni la denuncia en
virtud de la cual estuvieron antes expuestos los acusados
por el mismo delito, ni la sentencia absolutoria de 15 de sep-
tiembre de 1913, que serían la prueba justificativa de los he-
chos determinantes de dichas excepciones. Nos falta base
para discutirlas y hemos de presumir en su virtud, por falta
de prueba en contrario, que la corte inferior procedió con
razón derecha al desestimarlas. Véase el caso, *El Pueblo* v.
*Burgos,* 17 D. P. R., 1156.

Respecto del segundo motivo del recurso, el récord mues-
tra que los acusados hicieron también la alegación autorizada
por el número 4 del artículo 153 del Código de Enjuiciamiento
Criminal, expresiva de contener la acusación cualquier mate-
ria que de ser cierta constituiría una justificación o excusa
legal que excluya la acción, habiendo invocado como razón
de esa alegación el hecho de haber estado antes expuestos y
sido absueltos por el mismo delito. La acusación no contiene
materia alguna excluyente de la acción, como lo revela su sim-
ple lectura, y por tanto aquella alegación no puede sostenerse.

Por lo que atañe al tercer motivo del recurso relativo
a que los hechos expuestos en la acusación no son constituti-
vos de delito, invoca la parte apelante el mismo texto del artí-
culo 553 del Código Penal, tal como ha sido enmendado por
la Ley No. 131 aprobada en 9 de agosto de 1913, por entender
que dicho artículo enmendado no se refiere a los estableci-
mientos de barbería, los cuales no pueden calificarse de comer-
ciales, y tampoco caen según se alega, bajo la denominación
de industriales.

Dicho artículo, tal como ha quedado enmendado, dice así:

"Artículo 553.—Los domingos durante todo el día, los días de
fiestas legales desde las 12 m., y todos los días laborables desde las
6 p. m., menos los sabados, y los sábados desde las 10 p. m., perma-

necerán cerrados al público, y una hora después de cerrados suspenderán todo trabajo para los empleados, los establecimientos comerciales e industriales, con excepción de los mercados públicos para la venta de artículos alimenticios de primera necesidad, las fábricas de azúcar y alcoholes, tahonas de café, farmacias, imprentas, garages, panaderías, hoteles, restaurants, bodegones, casinos, salones de billar, depósitos de hielo, puestos de carnes, puestos de leche, lugares donde sólo se venden refrescos, dulces, tabaco manufacturado, fósforos y periódicos, vaquerías, mataderos, cocheras, muelles de espigón y de ribera, agencias funerarias, y los cafés; exceptuándose también las empresas de utilidad pública y cuasi-pública y trabajos urgentes y necesarios para evitar peligros o considerables pérdidas de dinero. Los teatros u otros lugares dedicados exclusivamente a recreo o a fines de caridad tampoco estarán comprendidos en las disposiciones de este artículo, en cuanto se refiere a los fines indicados.

"Toda infraccion de este artículo constituirá delito y se castigará con multa, que no excederá a cincuenta dólares ($50)."

Entendemos que una barbería no es un establecimiento comercial; pero ¿deberá considerarse establecimiento industrial a los fines del artículo transcrito? Opinamos que sí. Veamos las significaciones que pueden darse a la palabra industria.

"Industria es el conjunto de las operaciones mediante las cuales el hombre modifica y apropia para su uso las materias de que no podría servirse en su estado natural, en cuyo sentido se opone la industria a la agricultura y al comercio * * * ocupación o trabajo que se emplea en la agricultura, fabricas, comercio o artes mecánicas."

Diccionario Salvat, Tomo V, página 770.

"La, ciencia económica obra lógicamente al limitar el significado de la palabra *industria,* asignándola solamente al estudio del hombre como productor inmediato de riqueza y no al hombre como ser activo en general, al hombre en el ejercicio de todas sus facultades * * * y no es raro por lo tanto que se emplee la palabra *industria* para designar la totalidad, el conjunto del trabajo humano, sin distinción de especies en la infinita variedad de sus aplicaciones * * *. Se da también a la voz industria una acepción que no admite la ciencia económica para evitar una confusión y un error. En efecto, con gran frecuencia se emplea esta palabra como sinó-

nima de *trabajo,* cuando en realidad tienen estos dos términos sig-
nificaciones claramente distintas.   Se entiende por trabajo el ejer-
cicio puro y simple de las fuerzas físicas o de las facultades intelec-
tuales del hombre: así, pues, cuando basta el empleo de éstas fuer-
zas o facultades para producir riqueza, puede indistintamente de-
cirse que el hombre trabaja o que ejerce una industria, mas esto
pocas veces ocurre, casi siempre, para producir es necesario no sólo
el trabajo sino el concurso del capital y todos los agentes naturales.
La producción es, pues, la resultante de un conjunto de combina-
ciones de las cuales el trabajo no es sino uno de los elementos.   A este
conjunto de combinaciones es al que se llama industria.''

Diccionario Enciclopédico Hispano-Americano de Literatura, Cien-
cias y Artes.   Montaner & Simón, Editores, Barcelona.   Tomo 10,
página 864.

''INDUSTRIA.—La ocupación o el trabajo que se emplea en la agri-
cultura, artes, fábricas y comercio   *   *   *.   La ciencia, habilidad
y destreza que tiene una persona en el ejercicio de la profesión arte
u oficio a que se dedica.''   3 Escriche, Diccionario de Legislación, 230.

''INDUSTRIA.—Trabajo productivo; específicamente, trabajo reali-
zado en la fabricación, industria o manufactura   *   *   *.''

Century Dictionary, Vol. IV, 3071.

En el caso de *Terry* v. *McDaniel,* dijo la Corte Suprema
de Tennessee que ''un barbero es un mecánico, y por tanto
las sillas y espejos que usa en el negocio, están exentas de
ejecución para pago de deudas como utensilios de un meca-
nico.''   *Terry* v. *McDaniel,* 103 Tennessee, 415; 46 L. R. A.,
559.

Tenemos, pues, que dentro de la ciencia económica una
barbería no es un establecimiento industrial, pero puede serlo
si se acepta el sentido más lato que con frecuencia se da a
la palabra *industria.*   Además, si el barbero es un mecánico,
no vemos inconveniente en admitir que ejerce una industria
mecánica.

Siendo ello así, veamos cual sea la significación y alcance
de las palabras ''establecimientos industriales'' a que se re-
fiere el artículo 553 del Código Penal, tal como quedó enmen-
dado por la Ley No. 131 pasada en la Sesión Extraordinaria
de 1913.

El mismo texto del artículo transcrito, al establecer que permanecerán cerrados al público en los días y horas que marca, los establecimientos comerciales e industriales, por el mero hecho de exceptuar de su precepto los hoteles, restaurants, casinos, salones de billar, los ha estimado comprendidos bajo aquella denominación, demostrando así la legislatura que no era su intención dar a la palabra *industria* la sola acepción que tiene en la ciencia económica, sino cualquier otra más lata en harmonía con los fines que perseguía.   Entendió el legislador que de no establecer la excepción, afectaría a los establecimientos exceptuados el precepto general dado para los establecimientos comerciales e industriales.

Aun más, el propio artículo previene que la orden de cierre no se hará extensiva a los teatros ni a otros lugares dedicados exclusivamente a recreo o a fines de caridad, cuyos sitios podrán estar abiertos legalmente a toda hora durante los domingos y días festivos, pero solamente en pro de dichos fines de caridad o para ayudar a proporcionar recreos.   De esa excepción se colíge que los lugares dedicados no al recreo sino al trabajo, no a fines de caridad, sino a fines lucrativos, caen bajo el precepto general de la ley a no favorecerles alguna de las excepciones que la misma ordena.

El texto y contexto de la ley proclaman que las barberías están comprendidas en ella, si no como establecimientos comerciales, como establecimientos industriales en sentido lato, o como lugares dedicados al trabajo para fines lucrativos o de interés.

Además, la razón que informa el precepto legal transcrito es la de proporcionar descanso a los empleados que libran su subsistencia con el trabajo físico personal, proporcionándoles a la vez otras ventajas de orden superior que exige su condición de seres inteligentes y libres.   Esa razón afecta a los que viven del oficio de barberos.

Finalmente en la Sesión Extraordinaria de 1913 pasó con el No. 134 otra ley que fué aprobada en 12 de agosto y lleva por epígrafe "Para enmendar una ley titulada 'Ley para

establecer un nuevo sistema de patentes industriales y de comercio'   \*   \*   \*.''

Esa Ley No. 134 establece en su sección 1ª. ''que a partir del día 1 de julio de 1913, el Tesorero de Puerto Rico en adición a todas las otras contribuciones ya autorizadas por la ley impondrá y cobrará de acuerdo con los tipos especificados, a toda persona, firma, asociación, sociedad, corporación y otra forma cualquiera de organización comercial o industrial, y a cualquiera rama o ramas de éstas, las patentes que más adelante se enumeran   \*   \*   \*.''

Más adelante en la sección 12ª. se enumeran las barberías como obligadas al pago de la patente correspondiente de industria y comercio. Como una barbería en sí considerada, no es persona, firma, asociación, sociedad, o corporación, debe reputarse como una forma de organización comercial o industrial, o una rama de estas.

Tenemos, pues, que la misma Legislatura que aprobó la ley cuya infracción ha motivado la presente causa, aprobó también la de patentes industriales y de comercio a que quedaron sujetas las barberías que en la ciencia económica no son propiamente establecimientos industriales o comerciales, siendo lógico deducir que las barberías, aunque no fueran establecimientos de industria o de comercio, quedaron sujetas al precepto del artículo del Código Penal que dejamos transcrito. No hay motivo alguno para suponer que la Asamblea Legislativa tuviera la intención de dar distinto sentido a la palabra *industria* en las dos leyes sobre cierre y sobre patentes, de que dejamos hecho mérito, llamadas así usualmente.

Véanse los casos de *Doe* v. *Avaline,* 8 Ind., 6, 15, y *Humphries* v. *Davis,* 100 Ind., 274, 284.

Los hechos expuestos en la acusación son constitutivos del delito público definido y penado en el artículo 553 del Código Penal enmendado por la ley de 1913, y siendo ello así el fallo apelado se ajusta a la ley y es improcedente el 4°. motivo del recurso.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.