El Pueblo de Puerto Rico, demandante y apelado, *v.* Eduardo Rodríguez, acusado y apelante.

No. 3382.—*Visto:* Diciembre 20, 1927. *Resuelto:* Enero 12, 1928.

1. Domingos—Cierre de Establecimientos Públicos—Procesos por Violaciones a la Ley del Cierre—De la Evidencia—Su Suficiencia.—Prueba que a lo sumo tiende a demostrar que el acusado—barbero ambulante—afeitó en su propia casa a otra persona, que en la habitación en que lo hacía había sillas grandes y un espejo, en ausencia de otra que demuestre que allí había un taller o letrero de barbería o cualquiera otra señal que la indicara, es insuficiente para sostener convicción por tener un establecimiento comercial abierto al público.

2. Domingos—Cierre de Establecimientos Públicos—Procesos por Violaciones a la Ley del Cierre—En General.—Un barbero que en su propia casa afeita a otra persona no es culpable de tener un establecimiento al público.

SENTENCIA de *T. Bernardini de la Huerta,* J. Sustituto, (Guayama), condenando al acusado por infracción al artículo 553 del Código Penal. *Revocada,* absolviéndose al acusado.

*A. Porrata Doria,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El inciso primero del artículo 553 del Código Penal, según fué enmendado en 1925, Leyes de ese año, página 137, en su parte pertinente dispone que:

"Los domingos, durante todo el día; excepto cuando fueren domingos los días 24 de diciembre, y primero y 5 de enero; el primer lunes de septiembre (*Labor Day*), y el día 4 de julio; los días de fiesta legal desde las 12 a. m.; todos los sábados desde las 9 p. m.; todos los días laborables desde las 6 p. m., y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 p. m., permanecerán cerrados al público; y una hora después de cerrados, no se permitirá ninguna clase de trabajo para los empleados en los establecimientos comerciales e industriales, con excepción de los designados a continuación:

     *     *     *     *     *     *     *

[1] El apelante fué convicto por haber tenido su establecimiento comercial abierto al público. La prueba a lo sumo tendió a demostrar que el acusado, que era un barbero ambulante, en su propia casa afeitó a otra persona; que en la habitación en que estaba afeitando había unas sillas grandes y un espejo, pero no hubo ninguna otra prueba de que allí hubiera ningún taller o letrero de barbería, o cualquiera otra señal que generalmente indica una barbería.

[2] Por tanto, estamos inclinados a convenir con el apelante que un barbero que en su propia casa afeita a otra persona no es culpable de tener un establecimiento al público y más particularmente convenimos con el fiscal en que la prueba no tendió a demostrar que el apelante explotaba un establecimiento comercial según lo define el artículo 553, *supra.*

Aunque en el caso de *El Pueblo* v. *Guillies & Woodward,* 20 D.P.R. 500, se resolvió que una barbería caía dentro de la sanción de la ley, este apelante no estaba explotando una barbería, según allí se definió.

*Debe revocarse la sentencia apelada y absolverse al acusado.*